[ DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2010
JOHN LEY
CLERK

No. 10-12135
Non-Argument Panel

_____

D.C. Docket No. 1:09-cv-00176-CAP


ARIESO, INC.,

Plaintiff-Counter-
Defendant-Appellee,

versus

MARYAM RHAMANI,

Defendant-Counter-
Claimant-Appellant,

SHIRIN DEHGHAN,

Counter-Defendant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 24, 2010)


Before BARKETT, HULL and HILL, Circuit Judges.

PER CURIAM:

Arieso, Inc. and Shirin Dehghan ("Arieso" collectively) brought this action to recover payments made to defendant, Maryam Rahmani, which she was obligated to return in the event she terminated her employment with Arieso during the initial two-year period, which she did. Rahmani counterclaimed for fraud, claiming that she was fraudulently induced to accept employment with Arieso and that Arieso's misrepresentations constituted constructive discharge such that she is not obligated to repay the payments made to her. The parties filed cross-motions for summary judgment.

The district court granted judgment to Arieso on Rahmani's counterclaims, and dismissed Rahmani's motion for summary judgment as moot. Rahmani appeals. Arieso has filed a motion for damages and costs pursuant to Fed. R. App. P. 38.

The district court granted Arieso summary judgment on Rahmani's counterclaims on the ground that Rahmani's fraud claim regarding her employment with Arieso fails as a matter of law because of the merger clause in the agreement. Under Georgia law, if a contract contains a merger clause that specifically bars reliance on any representations not set forth in the contract, the party claiming fraud is barred from reliance on any other representations.

*Reichman v. Southern Ear, Nose & Throat Surgeons, P.C.,*. 598 S.E.2d 12, 16 (Ga. Ct. App. 2004) ("If the contract has a merger clause and the party has affirmed the contract, the merger clause generally precludes any fraud action for oral misrepresentations not included in the agreement"). Furthermore, if the party claiming fraud does not seek to rescind the contract and to restore anything of value obtained thereunder, the merger clause in the contract is determinative. *Marrale v. Gwinnett Place Ford*, 609 S.E.2d 659, 662 (Ga. Ct. App. 2005).

In this case, Rahmani read and signed an agreement with Arieso that contained a merger clause specifically disclaiming any vested rights to pay or benefits – claims she now makes based upon representations she asserts were made to her outside the agreement. Exclusion of such claims was the very purpose of the agreement. Furthermore, it is undisputed that she has never sought to rescind this agreement or to return the payments subsequently made to her under the agreement.

Since it is undisputed that Rahmani read and signed the agreement and that she never sought to rescind it or return the payments made to her, the district court held that she failed to establish that there are any triable material facts as to whether she justifiably relied upon any material misrepresentations by Arieso. Therefore, the district court held that the merger clause barred her fraud claim as a

3

matter of law.  We find no error in this conclusion.

As to Arieso's motion for sanctions, we conclude that it is not meritorious. Although we agree with Arieso that much of Rahmani's appellate argument is directed at irrelevant issues, she does argue that the district court erred in its application of the merger clause and that under Georgia law she is not always required to seek to rescind the contract. While we find no merit to her arguments, we cannot conclude that they are totally frivolous.

Accordingly, the judgment of the district court is due to be affirmed and the motion for sanctions to be denied.

AFFIRMED.  MOTION FOR SANCTIONS DENIED.